UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Wade Stephney, Jr.**, # 90998, | ) C/A No. 8:06-2750-MBS-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| James R. Morgan, Jr., Attorney;<br>Mark A. Davis, Attorney;<br>Chris Batten, Sheriff CCSD;<br>Leon Lott, Sheriff RCSD; and<br>William H Davidson, III, Attorney, | ) |
| Defendants. | ) |

This is a civil rights action filed *pro se* by a local detention center inmate.[1] Plaintiff claims in broad terms that some or all of the Defendants conspired and "committed obstruction of justice" in order to "deny the Plaintiff a medical injury claim under 42 U.S.C. 1983 . . . ." He also claims that some or all of the Defendants deprived him of some sort of "personal property." Finally, he includes in his Complaint a request to this Court for additional Forms USM-285 and summons forms for use in service of the Defendants.

Plaintiff does not provide any factual information about the alleged "medical injury claim" such as where the claim was filed, under what circumstances it was asserted, which Defendant or Defendants were involved in the alleged "obstruction of justice" or what they allegedly did that created such an "obstruction." Nor does Plaintiff provide any factual information about the "personal property" that is allegedly missing or about the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

circumstances surrounding the alleged loss of the property. The only facts provided relative to this claim is that some Defendant or Defendants did not give Plaintiff a "copy of personal property inventory [Receipt]." Complaint, at 3. Also, he does not state which of the named Defendants are/were involved in the alleged property loss. Instead of alleging facts in support of his claims, Plaintiff makes only brief, conclusory statements and legal conclusions and then cites to numerous cases and other legal authority without any discussion of why he includes such cites or of their relevance to his claims.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not

mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).  Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s}" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants.  As stated above, Plaintiff fails to provide the Court with any factual background for the claims he attempts to raise.  Although he has named several Defendants, he does not state which Defendant or Defendants are involved in the alleged "obstruction of justice" or which are involved in the alleged loss of property.  As a result, without excessive expenditure of precious judicial resources, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted).  Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." Id. at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Although we are bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim.  Brown v. Zavaras, 63

F.3d 967 (10th Cir. 1995); *see* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").  By asserting that someone has "obstructed justice" and/or has lost some of his property without offering any factual allegations underlying this legal conclusion, Plaintiff's Complaint fails to meet the requirements of Rule 8(a) or 12(b)(6) and should be summarily dismissed.  Antonio v. Moore, 2006 WL 584395 (4th Cir., March 9,2006).   In fact, due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted.  *See* Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants); *see also* Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a pro se complaint for improper pleading); Holsey v. Collins, 90 F.R.D. 122, 128 (D.C. Md. 1981).  It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants.  *See*  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

   Furthermore, Plaintiff has already been informed in a previous case he filed in this Court that any claim about lost personal property that he might have against a corrections officer or employee of a prison or detention center does not rise to the level of a

constitutional (or federal) claim. He has been informed that such claims against state or county employees in South Carolina must be brought in state court pursuant to the South Carolina Torts Claim Act. *See* Report and Recommendation filed in Civil Action No. 8:05-2740-MBS; *see also* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). Also, it appears that Plaintiff already has a case currently pending in this Court in which he is asserting a "medical injury claim under 42 U.S.C. 1983." *See* Civil Action No. 8:06-2157-MBS. Although, due the inadequacy of the Complaint in this case, it is unclear whether or not this "medical injury claim under 42 U.S.C. 1983" is the same one that he contends some Defendant has "obstructed," if it is, Plaintiff should prosecute his obstruction claim in that case and not file duplicative cases. Aloe, 425 F.2d at 1296 ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Finally, Plaintiff has also been previously informed that the Defendant Sheriff Leon Lott is entitled to 11th Amendment immunity. *See* Report and Recommendation filed in Civil Action No. 8:05-2740-MBS. Since there will be no service in this case, Plaintiff's request for additional forms should not be granted. If Plaintiff needs additional forms, a simple letter to the Clerk of Court at the address of any division of this Court requesting the specific number of forms he needs is all that is necessary for him to receive such forms.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v.

5

Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Furthermore, since Plaintiff seeks damages against an immune Defendant, and since this case is frivolous and fails to state any claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(2) is applicable in this case.  **Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).**

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

October 11, 2006
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  *See*  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant);  Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
