IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stephney, Jr., ) | |
| ) | C/A No.: 8:06-2750-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| James R. Morgan, Jr., Attorney; Mark A. ) | |
| Davis, Attorney; Chris Batten, Sheriff ) | |
| CCSD; Leon Lott, Sheriff RCSD; and ) | |
| William H.Davidson III, Attorney, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Wade Stephney, Jr. is a pretrial detainee who current is being held at the Alvin S. Glenn Detention Center in Columbia, South Carolina. Plaintiff, appearing pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on October 2, 2006. Plaintiff alleges that Defendants deprived him of personal property and conspired to obstruct justice.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On October 11, 2006, the Magistrate Judge filed a Report and Recommendation in which she recommended that the complaint be summarily dismissed without prejudice because Plaintiff's complaint is conclusory in nature and fails to contain sufficient facts to allow the court to discern the basis for its jurisdiction and the basis for Plaintiff's claims against Defendants. Plaintiff filed objections to the Report on October 19, 2006 and November 17, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections generally restate allegations of the complaint and, as in the complaint, simply list legal authorities. The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Plaintiff's objections are without merit.

To the extent that Plaintiff seeks to add Defendants, his motion is granted because he is entitled to amend his complaint one time as a matter of course before a responsive pleading is filed. Fed. R. Civ. P. 15(a). The amendment, however, does not change the court's determination that the within action should be summarily dismissed.

The court concurs in the Report and Recommendation and incorporates it herein by reference. The case is dismissed *without prejudice* and without issuance and service of process. The court declines to deem the case a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

December 7, 2006
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**